UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RINALDO LAVIOLETTE,

                      Plaintiff,

    -against-

DOUGLAS DEOTTO, individually and as an official and
Officer of the New York City Police Department,
THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT,


                      Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL
DEMANDED**

       PLAINTIFF, RINALDO LAVIOLETTE, by his attorneys, Edelman, Krasin and Jaye, PLLC, complaining of the DEFENDANTS, and each of them, respectfully alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

       1. This action arises from the improper use of deadly force against the plaintiff, RINALDO LAVIOLETTE, who was shot in the face, specifically, into the right eye by defendant Detective DOUGLAS DEOTTO, a detective employed by the Defendants NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

       2. PLAINTIFF brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for violations of the civil rights of PLAINTIFF, RINALDO LAVIOLETTE, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States as well as inter alia, for battery, assault, negligent infliction of physical harm, reckless infliction of physical harm, intentional

inflication of emotional harm, negligent hiring and retention, false arrest and punitive damages. PLAINTIFF is also asserting supplemental state law tort claims.

3. Defendant Detective DOUGLAS DEOTTO, a Detective and Officer for the New York City Police Department, while acting in his official capacity as a police officer, detective and/or peace officer, under color of State law, wholly, without proper cause, purpose or reason, shot plaintiff RINALDO LAVIOLETTE.   Defendant DOUGLAS DEOTTO is being sued both individually and in his official capacity.   The shooting occurred at the front of DOUGLAS DEOTTO's residence.   The bullet(s) struck the Plaintiff in the right eye and ear.   Plaintiff RINALDO LAVIOLETTE was in possession of no firearm, no knife and no weapon in any shape or form.  At the time of the shooting, the Plaintiff RINALDO LAVIOLETTE was committing no felony, no misdemeanor or violation, in fact, the very purpose of Plaintiff's presence at Defendant Detective DOUGLAS DEOTTO's door was no more than a simple misunderstanding. Nevertheless, Defendant Detective DOUGLAS DEOTTO acted intentionally and/or recklessly and/or negligently and without any justification whatsoever in so injuring the Plaintiff.  In taking this unlawful and unconstitutional action, Defendant Detective DOUGLAS DEOTTO, inter alia, violated numerous policies and procedures of THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.  THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, inter alia, failed to properly supervise, train, hire, reprimand, punish and terminate Defendant Detective DOUGLAS DEOTTO.  Plaintiff RINALDO LAVIOLETTE seeks damages arising from the shooting, including, inter alia, the loss of his right eye, severely comminuted and deforming fractures of his face and skull, damage to his brain face and psyche, loss of wages and capacity to work, surgical procedures including the complete reconstruction of

the right side of Plaintiff RINALDO LAVIOLETTE's face, loss of vision, Post-Traumatic Stress Disorder, severe emotional anguish and punitive damages.  A trial by jury is hereby demanded.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

6. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b)(1), in that all DEFENDANTS are residents of the State of New York and at least one DEFENDANT resides in this district.

## JURY DEMAND

7. PLAINTIFF respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## CONDITIONS PRECEDENT

8. Within ninety (90) days following the aforesaid incident, PLAINTIFF served upon THE CITY OF NEW YORK (hereinafter "CITY") and THE NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD") and DOUGLAS DEOTTO a Notice of Claim pursuant to Gen. Mun. Law § 50-e. A demand was made and on June 27, 2022, a hearing was held pursuant to Gen. Mun. Law § 50-h. Accordingly, the conditions precedent specified by New York Gen. Mun. Law have been satisfied.

## PARTIES

9. Plaintiff, RINALDO LAVIOLETTE, is a citizen of the United States, and was at all relevant times, a resident of the State of New York.

10. Upon information and belief, and at all times mentioned herein, Defendant Detective DOUGLAS DEOTTO is a citizen of the United States, and was at all relevant times, a resident of the State of New York.

11. Upon information and belief, and at all times mentioned herein, Defendant Detective DOUGLAS DEOTTO was, and is still believed to be, a duly appointed and employed member of the Defendant(s) NYPD and CITY.

12. That at all times relevant, defendant CITY was, and is, a municipal corporation, existing by virtue of the laws of the State of New York, and is a governmental subdivision of the State of New York.

13. That at all times relevant, the NYPD is, and was, a New York City governmental agency duly authorized and maintained by the CITY and headquartered in New York County.

14. That at all times mentioned herein, Defendant Detective DOUGLAS DEOTTO was a State Actor, duly sworn police officer of the NYPD and was acting under the agency and/or supervision of said NYPD and according to his official duties.

15. At all times mentioned herein, Defendants, either personally or though their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the City of New York and State of New York.

16. Each and all of the acts of the Defendants alleged herein were done by said DEFENDANTS while acting within the scope of their employment by Defendants CITY and/or NYPD.

**FACTS**

17. Plaintiff RINALDO LAVIOLETTE is a 27-year-old Haitian American man living in West Babylon, New York, where he has lived most of his childhood and adult life, he is college educated.

18. Plaintiff RINALDO LAVIOLETTE worked at La Cava, a restaurant in Melville, New York, as a supervisor.

19. On the night of March 4, 2022, RINALDO LAVIOLETTE attended a friend's birthday party at a restaurant in Massapequa, New York.   While at the restaurant, RINALDO LAVIOLETTE consumed alcoholic beverages.

20. At the end of the party, RINALDO LAVIOLETTE and some of his friends left the restaurant to go to a party at another friend's house on 7th Street in West Babylon, New York (hereinafter "7th Street House").   While at the party, RINALDO LAVIOLETTE consumed alcoholic beverages and became intoxicated.

21. Upon information and belief, in the early morning hours of March 5, 2022, RINALDO LAVIOLETTE left the 7th Street House to walk to his home which was a fairly short distance away.

22. Upon information and belief, RINALDO LAVIOLETTE, after leaving the 7th Street House, realized that he mistakenly took a friend's wallet (who was also an invitee to the party) instead of his own.

23. Upon information and belief, RINALDO LAVIOLETTE attempted to return to the 7th Street House to return the wallet to his friend and take back his own.

24. Upon information and belief, RINALDO LAVIOLETTE approached Defendant Detective DOUGLAS DEOTTO's nearby home on Fifth Avenue in West Babylon under the

5

mistaken belief that Defendant Detective DOUGLAS DEOTTO's home was the 7th Street Home from which he recently left.

25. Upon information and belief, Defendant DOUGLAS DEOTTO's Fifth Avenue home is approximately two (2) blocks away from the 7th Street Home.

26. Upon information and belief, RINALDO LAVIOLETTE attempted to open the front door of Defendant Detective DOUGLAS DEOTTO's Fifth Avenue home.

27. Upon information and belief, without justification and without reason, Defendant Detective DOUGLAS DEOTTO shot a bullet from a firearm directly into RINALDO LAVIOLETTE's face and right eye at close range.

28. Upon information and belief, at all relevant times, with words and/or actions and/or the totality of the circumstances, Defendant Detective DOUGLAS DEOTTO made clear that he was law enforcement and acted under color of law and identified himself as a police officer.

29. RINALDO LAVIOLETTE was completely unarmed.

30. RINALDO LAVIOLETTE was breaking no law.

31. RINALDO LAVIOLETTE posed no threat to anyone.

32. RINALDO LAVIOLETTE had made an obvious mistake.

33. Thereafter, and without justification or cause, Defendant Detective DOUGLAS DEOTTO violently, brutally, and viciously assaulted and battered MR. LAVIOLETTE, inflicting physical injury upon him, evoking terror and fear and depriving MR. LAVIOLETTE of his Constitutional rights.

34. Defendant Detective DOUGLAS DEOTTO without cause or justification, fired at least one gunshot, which struck RINALDO LAVIOLETTE in the face, head and right eye, causing excruciating pain and suffering.

35. As a result of the conduct of DEFENDANTS, MR. LAVIOLETTE's right eye was removed, his skull was shattered, his face disfigured and his psyche permanently scarred.

36. The actions taken by Defendant Detective DOUGLAS DEOTTO were undertaken within the scope of Defendant Detective DOUGLAS DEOTTO's employment with Defendant NYPD and/or Defendant CITY as that position bestows upon him police power and he was acting pursuant to that status.

37. At the time of this incident, Defendant Detective DOUGLAS DEOTTO, in so acting, was an agent of the NYPD and was acting under the color of law.

38. At the time of this incident, Defendant Detective DOUGLAS DEOTTO, in so acting, was an officer of the NYPD and was acting under the color of law.

39. At the time of this incident, Defendant Detective DOUGLAS DEOTTO, in so acting, was an agent of the CITY and was acting under the color of law.

40. At the time of this incident, Defendant Detective DOUGLAS DEOTTO, in so acting, was an officer of the CITY and was acting under the color of law.

41. Defendant Detective DOUGLAS DEOTTO used deadly force.  He knew or should have known that there was no reasonable basis for the use of such force.  He could not and/or did not reasonably believe that deadly force was necessary.  Defendant Detective DOUGLAS DEOTTO used a firearm which he was authorized, permitted and/or licensed to carry pursuant to his status as an Officer/Detective with the Defendant(s) NYPD and/or CITY.

42. The Defendant(s) NYPD and/or CITY were negligent in its hiring, retention and failure to supervise and train Defendant Detective DOUGLAS DEOTTO.

43. The Defendant(s) NYPD and/or CITY were negligent in its permitting and authorizing Defendant Detective DOUGLAS DEOTTO to carry and use a firearm.

44. Defendant Detective DOUGLAS DEOTTO's actions were in violation of the policies and procedures, and/or accepted practices of the Defendant(s) NYPD and/or CITY.

45. As a result of the foregoing, RINALDO LAVIOLETTE was deprived of his civil rights.

46. As the result of the foregoing, RINALDO LAVIOLETTE sustained severe psychological and bodily injuries, including but not limited to, at least one gunshot wound, and loss of his right eye, fear, terror, pain, suffering, shock, apprehension and anxiety.

47. Upon information and belief, as of today, RINALDO LAVIOLETTE has not faced any charges as a result of the subject incident because he broke no law.

**AS AND FOR A FIRST CLAIM OF RELIEF AGAINST DEFENDANTS PURSUANT TO 42 U.S.C. § 1983**

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 47 inclusive, with the same force and effect as though more fully set at forth herein.

49. The shooting of plaintiff deprived RINALDO LAVIOLETTE of his constitutionally protected rights, privileges and immunities under the Fourth and Fourteenth Amendments to the Constitution of the United States of America to be free from unreasonable searches, seizures and the deprivation of liberty without due process. The unlawful and improper shooting and subsequent arrest of plaintiff was an action taken under color of State law. The Defendant Officer(s), officials and public entities knew or should have known that this conduct was contrary to well established and incontrovertible constitutional law and principles and statutory rights.

50. Throughout the events recited herein, the Defendants, while acting under the color of law, subjected plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, specifically the Fourth and/or Fourteenth amendments to the Constitution. As a result of the aforesaid actions, the defendants, individually and/or

8

vicariously by and through their agents, servants, and/or employees, deprived plaintiff of the rights, privileges and immunities secured by the constitution and the laws of the United States and violation of 42 U. S. C. § 1983.

51. These acts taken by the defendants were wrongful, reckless and intentional. The actions of defendants, in depriving plaintiff of his constitutional rights, were willful and malicious and the force used excessive. They were taken in bad faith and with the intent to harm and harass plaintiff. These actions were part of a policy, practice and custom that so deprive plaintiff of his constitutional rights.

52. As a result of the above described conduct by defendants, plaintiff has been harmed, due to the suffering of severe and extreme physical and emotional harm, pain and distress, disability, loss of his right eye, hospitalization, shock, surgery, deformation and scarring, the need to reconstruct his face with titanium, disfigurement, loss of earning capacity and earnings, as well as humiliation, health care expenses and general impairment of physical and mental health and well-being, in an amount not as yet precisely determined, but believed to be approximately TWENTY-FIVE MILLION DOLLARS  ($25,000,000.00).

53. Accordingly, pursuant to 42 U.S.C. §§ 1983, 1988, Plaintiff is entitled to receive from Defendants the damages suffered as a result of the above-described conduct, not as yet precisely determined but believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00), as well as attorney's fees associated with the action, and punitive and exemplary damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS FOR VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE <u>FORCE</u>

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 53 with the same force and effect as though more fully set forth herein.

55. The amount and type of physical force used upon plaintiff by Defendants individually, jointly, severally and/or vicariously, by and through their agents, servants and/or employees, was excessive, unnecessary, improper, and not reasonably justified under any circumstances.

56. The amount and type of physical force used upon plaintiff by Defendants individually, and/or vicariously, by and through their agents, servants and/or employees demonstrated an intentional, willful, malicious and reckless disregard for and deliberate indifference of plaintiff's rights and physical well-being.

57. The aforementioned use of force, which was taken under color of State law, caused immediate injury in the form of severe and extreme pain, suffering, hospitalization, shock, surgery, disability, loss of an eye, disfigurement, and severe and extreme emotional distress, embarrassment, humiliation and deprivation of constitutional rights.

58. As a result of the foregoing, plaintiff has been damaged in an amount not as yet precisely determined but believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00).

59. Accordingly, pursuant to 42 U.S.C. §§ 1983, 1988, Plaintiff is entitled to receive from Defendants the damages suffered as a result of the above-described conduct, not as yet precisely determined but believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00), as well as attorney's fees associated with the action, and punitive and exemplary damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A THIRD CLAIM OF RELIEF FOR VIOLATION OF THE EQUAL PROTECTION CLAUSE

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 59 inclusive, with the same force and effect as though more fully set at forth herein.

61. Defendants by the abovedescribed conduct deprived Plaintiff of its right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution by shooting plaintiff in the abovedescribed manner. This conduct was conscience shocking, and oppressive in a constitutional sense upon Plaintiff's rights, privileges and immunities under the Fourth, First and Fourteenth Amendments to the United States Constitution.

62. Plaintiff, RINALDO LAVIOLETTE is a Black man of Haitian descent. As such, RINALDO LAVIOLETTE is a member of a "protected class" as that term is defined by law.

63. It is beyond argument that Black Americans are historically treated differently by the NYPD than their White or Hispanic counterparts (See Rand Technical Report: Analysis of Racial Disparities in the New York Police Department's Stop, Question, and Frisk Practices (Ridgeway, Greg, 2007)).[1]

64. Additionally, nationwide, Black Americans are shot and killed by police at a much higher rate than White Americans (See Washingtonpost.com/graphics/investigations/police-shootings-database).[2]

65. Upon information and belief, the aforedescribed acts and the motive of the DEFENDANTS, collectively, deprived RINALDO LIVIOLETTE of Equal Protection under the Law by and through the Fourteenth Amendment of the United States Constitution.

_____

[1] https://www1.nyc.gov/assets/nypd/downloads/pdf/public_information/TR534_FINALCompiled.pdf
[2] In this fluid article, headlined, at press time "1,054 people have been shot and killed by police in the past year updated July 22, 2022").

11

66. This shooting, when viewed through the prism of Defendant NYPD and/or CITY's historical evidence of a racial animus provides the context for the basis in which plaintiff RINALDO LAVIOLETTE, a Black Man, has been treated differently than members of other classes similarly situated as a result of intentional and/or purposeful discrimination.

67. As a result of the foregoing, plaintiff has been damaged in an amount not as yet precisely determined but believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00).

68. Accordingly, pursuant to 42 U.S.C. §§ 1983, 1988, Plaintiff is entitled to receive from Defendants the damages suffered as a result of the above-described conduct, not as yet precisely determined but believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00), as well as attorney's fees associated with the action, and punitive and exemplary damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

**AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS PURSUANT TO ARTICLE ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION**

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 68 inclusive, with the same force and effect as though more fully set at forth herein.

70. As a result of the aforedescribed actions, defendants the CITY and NYPD, individually, and/or vicariously, by and through its agents, servants and/or employees and defendant Police Officers, failed to intervene to pre-empt, prevent or end the unlawful conduct inflicted upon Plaintiff by Defendant Detective DOUGLAS DEOTTO.

71. As a result of the foregoing, defendant CITY and NYPD, individually, and/or vicariously, by and through its agents, servants and/or employees and defendant Police Officers,

displayed a deliberate indifference to plaintiff's rights to be free from unreasonable searches and seizures and excessive use of force.

72. As a result of the foregoing, plaintiff has been damaged in an amount not as yet precisely determined but believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00), as well as attorney's fees associated with the action, and punitive and exemplary damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

**AS AND FOR A FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS FOR BATTERY**

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 72 inclusive, with the same force and effect as though more fully set at forth herein.

74. As a result of the foregoing, plaintiff was without just cause or provocation, maliciously, recklessly, and/or intentionally battered, physically abused, falsely arrested and imprisoned causing severe and serious injury to the plaintiff.

75. The defendants, individually, and/ or vicariously, by and through their agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, and/or intentionally battered, physically abused, falsely arrested and imprisoned RINALDO LAVIOLETTE causing severe and serious injuries to plaintiff.

76. The occurrence and injuries sustained by plaintiff, were caused solely by the malicious, reckless, and/or intentional conduct of the defendants, individually, and/or vicariously, by and through its agents, servants and/or employees, without just cause or provocation on the part of the plaintiff. Such actions resulting in the injuries were taken in violation and contradiction of NYPD and CITY policies and procedures.

77. The amount and type of physical force used by plaintiff by defendants, individually and/or vicariously, by and through their agents, servants and/or employees, was excessive, unnecessary, improper, and not reasonably justified. The defendants, individually, and/or vicariously, by and through its agents, servants and/or employees, used excessive force. The defendants could not and/or did not reasonably believe that the force used was necessary.

78. As a result of the foregoing, plaintiff has been damaged in an amount not as yet precisely determined but believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00), as well as attorney's fees associated with the action, and punitive and exemplary damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

**AS AND FOR A SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS FOR NEGLIGENCE**

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 78 inclusive, with the same force and effect as though more fully set at forth herein.

80. As a result of the foregoing, plaintiff was, without just cause or provocation, injured through the negligence and/or gross negligence and/or recklessness of defendants individually, and/or vicariously, by and through their agents servants and/or employees. Plaintiff was physically assaulted, falsely arrested and imprisoned causing him severe and serious injury.

81. The occurrence and injuries sustained by plaintiff were caused solely by the negligent and/or gross negligent and/or reckless conduct of the defendants, individually, and/or vicariously, by and through its agents, servants and/or employees, their failure to exercise the degree of care which would reasonably be required of officers and officials, under similar circumstances. The actions resulting in the injuries to plaintiff were taken in violation and contradiction of NYPD and

CITY policies and/or procedures. Such actions violated accepted NYPD and CITY practices, policies and/or procedures.

82. As a result of the foregoing, plaintiff has been damaged in an amount not as yet precisely determined but believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00), as well as attorney's fees associated with the action, and punitive and exemplary damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS FOR ASSAULT

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs through 82 inclusive, with the same force and effect as though more fully set at forth herein.

84. As a result of the foregoing, defendants, individually, and/or vicariously, By and through its agents, servants and/or employees placed plaintiff in apprehension of imminent harmful and offensive contact, thereby committing an assault upon him.

85. As a result of the foregoing, plaintiff has been damaged in an amount not as yet precisely determined but believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00), as well as attorney's fees associated with the action, and punitive and exemplary damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR AN EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS FOR NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL HARM

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs through 85 inclusive, with the same force and effect as though more fully set at forth herein.

87. As a result of the foregoing, defendants individually, and/or vicariously, by and through their agents, servants and/or employees intentionally, wantonly, recklessly, carelessly and/or negligently engaged in extreme and outrageous conduct measured by the reasonable grounds of decency tolerated by decent society thereby inflicting mental and emotional distress upon plaintiffs.

88. As a result of the foregoing, plaintiff has been damaged in an amount not as yet precisely determined but believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00), as well as attorney's fees associated with the action, and punitive and exemplary damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A NINTH CLAIM FOR NEGLIGENT HIRING AND RETENTION AGAINST THE CITY

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs through 88 inclusive, with the same force and effect as though more fully set at forth herein.

90. Defendants NYPD and/or CITY by and through their agents, servants and/or employees, carelessly, negligently and recklessly trained Detectives and Police Officers, including the Defendant Detective DOUGLAS DEOTTO.

91. Defendants CITY and NYPD, by and through their agents, servants and/or employees, negligently and recklessly supervised, controlled, managed, maintained, inspected, reprimanded, and punished the activities of its police officers, particularly that of the defendant officer(s).

92. That on or about March 5, 2022, at approximately 3:00 am, the defendant NYPD and CITY and Detective Defendant DOUGLAS DEOTTO, by and through their agents, servants and/or employees, without just cause or provocation, maliciously, recklessly, negligently and/or

intentionally assaulted, battered, physically abused, falsely arrested and imprisoned plaintiff, causing serious and severe personal injury as described above.

93. The occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent and/or intentional conduct of the defendant city and NYPD, its agents, servants and/or employees as set forth above without any provocation, or reasonable provocation, on the part of the plaintiff contributing thereto, specifically, the negligent and reckless manner in which defendant hired, trained, supervised, controlled, managed, maintained, inspected, retained, reprimanded and punished its police officers and respective departments, and the negligent and reckless manner in which defendant permitted and authorized police officers to possess firearms.

94. As a result of the foregoing, plaintiff has been damaged in an amount not as yet precisely determined but believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00), as well as attorney's fees associated with the action, and punitive and exemplary damages in the amount of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS FOR FALSE ARREST AND IMPRISONMENT

95. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs through 94 inclusive, with the same force and effect as though more fully set at forth herein.

96. As a result of the foregoing, plaintiff was without just cause or provocation, maliciously, recklessly, negligently and/or intentionally falsely arrested and imprisoned causing serious physical and emotional injury to plaintiff.

97. Defendant Detective DOUGLAS DEOTTO improperly and maliciously falsely engaged in, and/or directed plaintiff's arrest without taking account of the totality of the circumstances continued and/or engaged in the arrest of the plaintiff.

98. As a result of the foregoing, plaintiff has been damaged.

**AS AND FOR AN ELEVENTH CLAIM FOR PUNITIVE DAMAGES**

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs through 98 inclusive, with the same force and effect as though more fully set at forth herein.

100. The above described occurrence and resulting injuries to plaintiff were due to the willful, wanton, reckless and/or malicious conduct of the defendants, individually and/or vicariously by and through their agents, servants and/or employees.

101. The above described occurrence and resulting injuries to plaintiff were due to the conduct of the defendants, individually and/or vicariously by and through their agents, servants, and/or employees which reflect utter indifference, and the conscious disregard for, the safety and well being of others and specifically the safety and well being of the plaintiff.

102. The above described conduct of the defendants, individually and/or vicariously by and through their agents, servants and/or employees exhibited a reckless disregard for human life and the safety and well being or others generally, and for the life, safety and well being of the plaintiff.

103. As a result, punitive and exemplary damages in the amount of Ten Million dollars ($10,000,000) are warranted.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF demands judgment against DEFENDANTS, and each of them, as follows:

1. Awarding Plaintiff the compensatory damages sought herein in the amount not as yet precisely determined by believed to be approximately TWENTY-FIVE MILLION DOLLARS ($25,000,000.00),

2. Awarding Plaintiff punitive damages in the amount of TEN MILLION DOLLARS ($10,000,000.00),

3. Awarding Plaintiff Attorney's fees, and the reasonable costs and expenses of this action; and,

4. Such other relief as this Court may deem appropriate, including Costs, Disbursements, and Attorney's Fees.

Dated: July 22, 2022

Yours, etc.

Daniel Justus Solinsky, Esq.
EDELMAN, KRASIN AND JAYE, PLLC
Attorneys for Plaintiff
7001 Brush Hollow Road, Suite 100
Westbury, NY 11590
(516) 742-9200