PAUL B. EDELMAN +
LAWRENCE P. KRASIN
WILLIAM T. JAYE
SAL A. SPANO

HAROLD J. STANGLER
1929-2017

**EKJ**
Edelman, Krasin & Jaye, PLLC
COUNSELORS AT LAW

KARA M. ROSEN ++
MONICA P. BECKER
AARON D. FINE
VICTOR I. BOTA ++
DANIEL J. SOLINSKY
JOSEPH P. DONNELLY
CAOIMHE P. STAFFORD

ROBERT T. ACKER
OF COUNSEL

+ADMITTED IN NY & DC
++ADMITTED IN NY & NJ

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/14/2024
```

June 14, 2024

VIA ECF
Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Centre Street, Room 2102
New York, NY 10007

RE:   *LAVIOLETTE V. DOUGLAS DEOTTO et al*
CIVIL ACTION NO. 7:22-cv-6244

Dear Judge Garnett:

The undersigned represents the plaintiff in this action, Rinaldo Laviolette. I write this letter with the review and consent of all parties. In this matter, the plaintiff's allegations are that Plaintiff sustained severe personal injuries after being shot in the face by defendant Douglas DeOtto, an off-duty police officer employed by Defendant New York City and the New York City Police Department on March 5, 2022. Issue has been joined in this matter. While this matter was previously assigned to Judge Furman, because of the circumstances to be described *infra*, the parties have been unable to begin mapping out comprehensive discovery.

Thus far, being listed as a "Plan" case under Local Civil Rule 83.10, counsel for all parties have complied with the local rules of this case and have exchanged certain requisite discovery.

Despite the fact that this shooting occurred just over two (2) years ago, the jurisdictional investigating agencies (the Suffolk County Police Department and District Attorney) have not taken any formal action, yet have resisted any subpoena, indicating that the matter is still under investigation. The undersigned had been in touch with an attorney from the Suffolk County Attorney's Office, Marc Lindemann, Esq. who was, to the best of his ability, keeping us apprised on the status of this matter. Unfortunately we have recently learned that Attorney Lindemann is no longer with the County Attorney's Office. We have been attempting to identify Attorney Lindemann's successor in the matter.

  The parties have jointly requested (and were granted) six (6) adjournments of the Initial Conference as we are still awaiting word from a possible Grand Jury Investigation into this incident. The matter was adjourned to June 20, 2024. Attorney Lindemann had previously advised the undersigned that Grand Jury action may take place in January 2024. Upon information and belief, no such action has been taken. We are still in need of clarity of Suffolk County District Attorney's Grand Jury intentions so that we may proceed with the civil matter. As can be gleaned from our pleadings and prior correspondence, the Suffolk County investigation file is extremely critical to the progress of this case any such action could have great importance as regards the civil matter. Of paramount importance to the parties is the release of a "Ring" doorbell device believed to be in the possession of the Suffolk County Police, additionally, witness statements and photographs will play a crucial role. Moreover, after the Suffolk County investigation, there is likely to be an internal investigation of the New York City Police Department which may yield information important to either mediation or litigation.

  Consequently, the parties would respectfully request an adjournment of the Initial Conference until June 20, 2024 to determine what, if any, action was taken by the Grand Jury and what, if any, consequence this will have on the Civil Proceeding. Any action would inform the parties' next steps of either attempting to lift the 83.10 stay to open wider discovery or to stay the action until any criminal matter has been resolved.

  The parties jointly request, therefore, an adjournment of the Initial Conference on June 20, 2024, until September 20, 2024 so that the parties can receive clarity on the next steps (if any) of the Suffolk County Police Department's investigation in the subject matter. Additionally, Attorney Susan Scharfstein would need to request an adjournment of the June 20, 2024 conference in any event as she has a scheduling conflict.

  The parties jointly thank the Court for allowing it to address the Court in this matter.

Very truly yours,

DANIEL J. SOLINSKY

CC:

New York City Law Department
Attorneys for Defendants City of New York
Attn: Susan P. Scharfstein
100 Church Street
New York, NY 10007

Nicolini Paradise, Ferretti & Sabella
Attorneys for Defendant Douglas DeOtto
Attn: John Nicolini, Esq.
114 Old Country Road, Suite 500
Mineola, NY 11501

---

Request DENIED. The parties are no longer required to submit a joint letter and proposed Civil Case Management Plan, as was previously required by the Court's Order at Dkt. No. 54, but the Court will hold a status conference as previously scheduled on **Thursday, June 20, 2024, at 11:30 a.m.** in Courtroom 906 of the Thurgood Marshall Courthouse at 40 Foley Square. The Clerk of Court is directed to terminate Dkt. No. 56.

SO ORDERED.  Date 6/14/2024

HON. MARGARET M. GARNETT
U.S. DISTRICT JUDGE